Case 1:10-cv-04220-DLI-JO   Document 1   Filed 09/15/10   Page 1 of 4 PageID #: 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

Robert Mulligan
62-66 60th Drive
Maspeth, NY 11378

Plaintiff,

v.

Harvard Collection Services, Inc
c/o CT Corporation System, Registered Agent
111 Eighth Avenue
New York, NY 10011

Defendant.

Case No.: 10 4220

Judge: IRIZARRY, J.   J. ORENSTEIN, M.J.

COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2010 ★
BROOKLYN OFFICE

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff hired Freedom Debt Relief ("Freedom") to assist her in resolving her debts.

7. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

1

8. On or around December 28, 2009, on behalf of Plaintiff, Freedom sent a Cease and Desist letter to Defendant.

9. On or around March 16, 2010, on behalf of Plaintiff, Freedom sent a second Cease and Desist letter to Defendant.

10. On or around April 19, 2010, on behalf of Plaintiff, Freedom sent a third Cease and Desist letter to Defendant.

11. On or around April 30, 2010, Defendant telephoned Plaintiff's father ("Father").

12. During this communication, Defendant disclosed the existence, nature, and/or amount of Plaintiff's debt to Father.

13. Upon information and belief, Defendant spoke to Father in an abusive, oppressive, and/or intimidating manner.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FOUR

### Invasion of Privacy by Public Disclosure of a Private Fact

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's father.

24. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

25. The information disclosed is not of legitimate concern to the public.

## COUNT FIVE

### Invasion of Privacy by Intrusion upon Seclusion

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

28. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

29. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

30. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

31. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/
Maria Coen, Esq. (Bar No. 7312)
420 Lexington Avenue, Suite 2132
New York, NY 10170
Tel: 1.866.339.1156
Fax: 1.312.822.1064
coe@legalhelpers.com
*Attorney for Plaintiff*